**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TS MEDIA TECH, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>ASSOCIATED EQUIPMENT CORPORATION; FRONIUS USA, LLC; GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS; MIDTRONICS, INC.; PULSETECH PRODUCTS CORPORATION; RELAX TECHNOLOGY, INC. D/B/A GRANITE DIGITAL; SCHUMACHER ELECTRIC CORPORATION; STANLEY BLACK & DECKER, INC.; THE NOCO COMPANY; THE PROCTER & GAMBLE COMPANY D/B/A DURACELL,<br><br>      Defendants. | CASE NO.:  _<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TS Media Tech, LLC ("TS") hereby alleges for its Complaint against defendants Associated Equipment Corporation; Fronius USA, LLC; Genuine Parts Company dba NAPA Auto Parts; Midtronics, Inc.; Pulsetech Products Corporation; Relax Technology, Inc. dba Granite Digital; Schumacher Electric Corporation; Stanley Black & Decker, Inc.; The NOCO Company; The Procter & Gamble Company dba Duracell, (collectively the "Defendants") on personal knowledge as to its own actions and on information and belief as to the action of others, as follows:

## THE PARTIES

1. Plaintiff TS is a Texas limited liability company with a place of business at 207C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant Associated Equipment Corporation ("AEC") is a Missouri corporation with its principal place of business at 5043 Farlin Ave., St. Louis, MO 63115.

3. On information and belief, Defendant Fronius USA, LLC ("Fronius") is a Michigan corporation with its principal place of business at 10421 Citation Dr., Suite 1100, Brighton, MI 48116.

4. On information and belief, Defendant Genuine Parts Company dba NAPA Auto Parts ("NAPA") is a Georgia corporation with a principal place of business at 2999 Circle 75 Pkwy, Atlanta, GA 30339.

5. On information and belief, Defendant Midtronics, Inc. ("Midtronics") is an Illinois corporation with a principal place of business at 7000 Monroe Street, Willowbrook, IL 60527.

6. On information and belief, Defendant Pulsetech Products Corporation ("Pulsetech") is a Texas corporation with a principal place of business at 1100 South Kimball Avenue, Southlake, TX 76092.

7. On information and belief, Defendant Relax Technology, Inc. dba Granite Digital ("Granite") is a California corporation with a principal place of business at 3101 Whipple Rd, Union City CA 94587.

8. On information and belief, Defendant Schumacher Electric Corporation ("Schumacher") is an Illinois corporation with a principal place of business at 801 Business Center Drive, Mount Prospect, IL 60056.

9. On information and belief, Defendant Stanley Black & Decker, Inc. ("Black & Decker") is a Connecticut corporation with a principal place of business at 1000 Stanley Drive, New Britain, CT 06053.

10. On information and belief, Defendant The NOCO Company ("NOCO") is an Ohio corporation with a principal place of business at 23200 Commerce Park Cleveland, OH 44122.

11. On information and belief, Defendant The Procter & Gamble Company dba Duracell ("Duracell") is an Ohio corporation with a principal place of business at 1 Procter & Gamble Plaza, Cincinnati, OH 45201.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*., because each of the Defendants has committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that the defendants are subject to personal jurisdiction in this district. At a minimum, each of the defendants has delivered infringing products into the stream of commerce with the expectation that they will be purchased by customers in Texas.

## THE '127 PATENT

14. On August 8, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,089,127 ("the '127 Patent"), entitled "Integrated Battery Service System," to Dennis G. Thibedeau, Alejandro P. Brott, Gary Jonker, Leonard Wisneski, Paul A. Willems, and Alan D. Goetzelmann. A copy of the '127 Patent is attached to the Complaint as Exhibit A.

15. By reason of an assignment dated January 17, 2011, Plaintiff TS owns all rights, title and interest in the '127 Patent.

## FIRST CAUSE OF ACTION
### (Infringement of the '127 Patent)
### (35 U.S.C. § 271)

16. Plaintiff repeats and incorporates by reference each of the allegations contained in Paragraphs 1 through 15 above, and further alleges as follows:

17. On information and belief, without a license or permission from Plaintiff, Defendant AEC has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention. Without limitation, several examples of AEC's infringing products are Model Nos. 6003, 6007, 9410, 9420, 9003, 9004, 6044 and related family

of products.  AEC's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, AEC's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

18.  On information and belief, without a license or permission from Plaintiff, Defendant Fronius has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Fronius's infringing products is the ACCTIVA Easy.  Fronius's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Fronius's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

19.  On information and belief, without a license or permission from Plaintiff, Defendant NAPA has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of NAPA's infringing products is the NBC 85-640.  NAPA's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, NAPA's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

20.  On information and belief, without a license or permission from Plaintiff, Defendant Midtronics has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Midtronics' infringing products is the GR8-1200.  Midtronics' infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Midtronics' infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

21. On information and belief, without a license or permission from Plaintiff, Defendant Pulsetech has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Pulsetech's infringing products is the 490PT.  Pulsetech's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Pulsetech's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

22. On information and belief, without a license or permission from Plaintiff, Defendant Granite has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Granite's infringing products is the Save A Battery Series.  Granite's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Granite's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

23. On information and belief, without a license or permission from Plaintiff, Defendant Schumacher has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent.  Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, examples of Schumacher's infringing products are the XC75, XC103, SC-7500A, SC-8020A, SC-10030A, SE-1555A, PST-900x, PSC-12500A, and related family of products.  Schumacher's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Schumacher's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

24. On information and belief, without a license or permission from Plaintiff, Defendant Black & Decker has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, examples of Black & Decker's infringing products are the BC40EWB, BCS10B, BCS25EB, VEC1086BBD, VEC1087CBD, VEC1089ABD, VEC1093DBD, VEC1095ABD, BMB2, and related family of products.  Black & Decker's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Black & Decker's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

25. On information and belief, without a license or permission from Plaintiff, Defendant NOCO has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of NOCO's infringing products is the G26000.  NOCO's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, NOCO's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

26. On information and belief, without a license or permission from Plaintiff, Defendant Duracell infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '127 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.  Without limitation, one example of Duracell's infringing products is the Duracell 15 Amp Battery Charger.  Duracell's infringement of the '127 Patent has caused substantial damage to Plaintiff.  On information and belief, Duracell's infringement of the '127 Patent was willful and deliberate, entitling Plaintiff to enhanced damages and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TS Media Tech, LLC prays for relief as follows:

A. Declaring that the '127 Patent is valid and enforceable, and that each Defendant has infringed one or more claims of the '127 Patent;

B. Awarding Plaintiff damages in an amount adequate to compensate Plaintiff for each defendant's infringement, in accordance with 35 U.S.C. § 284;

D. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of each defendant's infringement, in accordance with 35 U.S.C. § 284;

E. Awarding Plaintiff its costs of suit, including reasonable attorney fees, because this is an exceptional case under 35 U.S.C. § 285; and

F. Granting such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TS Media Tech, LLC demands a trial by jury of this action.

Dated: January 20, 2011                     RESPECTFULLY SUBMITTED,

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24941960
Spangler Law PC
208 N. Green St., Suite 300
Longview, TX  75601
Bus:  (903) 753-9300
Fax:  (903) 553-0403
Email:  spangler@spanglerlawpc.com

James C. Otteson
CA Bar No. 157781
(Admitted E.D. Texas)
jim@agilityiplaw.com
1900 University Circle, Suite 201
East Palo Alto, CA  94303
Bus:  650-227-4800
Fax:  650-318-3483

                                Attorneys for Plaintiff
                                TS MEDIA TECH, LLC